IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK HUNTER,
    Plaintiff,

vs.                                    Case No. 3:10cv328/LC/CJK

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.

REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 15). Upon review of the amended complaint, the Court concludes that this case should be dismissed for failure to state a claim.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Franklin County Jail in Greenfield, Massachusetts. (Doc. 22). Plaintiff was an inmate of the Vermont penal system confined at Northern State Correctional Facility in Newport, Vermont at the time he filed his original and amended complaints. (Docs. 1, 15). Plaintiff's amended complaint names five defendants: Escambia County, Florida; Escambia County Jail; Escambia County Jail Medical Staff; the Pensacola Police Department; and the City of Pensacola. (Doc. 15, p. 2). Plaintiff alleges that on January 16, 2005, officers of the Pensacola Police

Department pulled plaintiff over, dragged him out of his car, tased him over eight times, and transported him to the Escambia County Jail. (*Id*., p. 5). At the Jail plaintiff was placed in a restraint chair. (*Id*.). Plaintiff claims he was "unlawfully imprisoned and restrained" because: (1) the arm and leg restraints were pulled so tightly that the blood circulation to plaintiff's arms and legs was cut off, (2) plaintiff was forced to go to the bathroom in his clothes, (3) plaintiff was not provided medical care for his taser wounds, (4) plaintiff was not provided medication for his high blood pressure and bleeding ulcer, and (5) plaintiff was denied the opportunity to call his family or an attorney. (*Id*.). Plaintiff was removed from the restraint chair the following day. Plaintiff was charged with resisting an officer with violence, and was acquitted of the charge on September 23, 2005. (*Id*., pp. 5-6). Plaintiff was awarded a settlement of $25,000 from the City of Pensacola. (*Id*., p. 6). Plaintiff asserts that he was recently subjected to a similar use of force and similar charges by the Shelburne Police Department in Shelburne, Vermont. (*Id*.). Based on these allegations, plaintiff asserts the following four claims: (1) the defendants violated plaintiff's Fourth Amendment rights by unreasonably searching and seizing him, (2) the defendants violated plaintiff's Fifth Amendment rights by "twice putting [plaintiff] in jeopardy of life or limb," (3) the defendants violated plaintiff's Eighth Amendment rights by subjecting him to cruel and unusual punishment in the Escambia County Jail, and (4) the defendants deprived plaintiff of his liberty without due process of law. (*Id*., p. 7). As relief, plaintiff seeks $1 million in compensatory damages and $10 million in punitive damages. (*Id*.).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal under Rule 12(b)(6) if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d

1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001).  A § 1983 action is governed by the forum state's general personal injury statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)).  In Florida, there is a four-year personal injury statute of limitations.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996); *see* Fla. Stat. § 95.11(3).  Although the <u>length</u> of the statute of limitations is resolved by reference to state law, the <u>accrual date</u> of a § 1983 action is governed by federal law.  *Wallace v. Kato*, 549 U.S. at 388, 127 S. Ct. at 1095.  Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283; *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

It is apparent from the face of plaintiff's amended complaint that the defendants' alleged false imprisonment, excessive force and lack of medical care occurred in 2005, and that plaintiff was aware at that time of his injuries and who inflicted them.  Thus, plaintiff's claims accrued, at the latest, in 2005. Plaintiff did not file his original complaint in this case until August 24, 2010.  (Doc. 1, p. 6).  Plaintiff can prove no set of facts which would avoid a statute of limitations bar, as one of plaintiff's supporting allegations is that he previously initiated, and recovered a settlement on, claims against the police department based on the same facts.  The fact that plaintiff was recently subjected to a similar use of force and similar charges by

law enforcement officials in Vermont does not alter this Court's conclusion, or support a viable double jeopardy claim against the Florida defendants (since plaintiff admits not only that the charges arose from separate episodes and involved separate offenses, but that the allegedly successive prosecution was initiated by Vermont officials, not the defendants).

## CONCLUSION

It appears beyond doubt that plaintiff's constitutional claims of false imprisonment, excessive force and inadequate medical care are time-barred, and that plaintiff's double jeopardy claim against the defendants lacks an arguable basis in the law.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 19th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).